1  WILLIAM R. TAMAYO (SB# 084965) (CA)
   DAVID OFFEN-BROWN (SB#63321) (CA)
2  CINDY O'HARA (SB# 114555) (CA)
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA 94105
   Telephone: (415) 625-5653
5  Facsimile: (415) 625-5657
   E-mail: cindy.ohara@eeoc.gov
6  Attorneys for Plaintiff EEOC

7  JAMES H. BERRY, JR. (State Bar No. 075834)
   KEVIN R. LUSSIER (State Bar No. 143821)
8  BERRY & LUSSIER
   A Professional Corporation
9  1901 Avenue of the Stars, Suite 1060
   Los Angeles, California 90067
10 Telephone:   (310) 557-8989
   Facsimile:   (310) 788-0080
11 E-mail: jberry@bandlpc.com
   E-mail: klussier@bandlpc.com
12
   Attorneys for Defendant
13 THE PEPSI BOTTLING GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE PEPSI BOTTLING GROUP, INC.,<br><br>Defendant. | Case No. 09-04594 EMC<br><br>**STIPULATION TO CONTINUE DISCOVERY CUT OFF AND MOTION HEARING DEADLINE; DECLARATIONS OF JAMES H. BERRY, JR. AND DAVID OFFEN-BROWN; AND [PROPOSED] ORDER**<br><br>Date:      T/B/D<br>Time:      T/B/D<br>Courtroom:    5 |

1    The parties to the above-entitled action jointly submit this Stipulation to Continue
2  Discovery Cut off and Motion Hearing Deadline and Proposed Order and request the Court to
3  adopt the new schedule proposed below in this case.
4    This Stipulation is submitted and based on the following grounds:
5    1.   The parties are and have been engaged in ongoing settlement negotiations with the
6  aim of reaching a comprehensive settlement resolving this case in its entirety.
7    2.   This case has been unusually difficult to resolve by settlement. The parties have
8  participated in mediation in this matter before Catherine A. Yanni, Esq. That mediation did not
9  resolve the case. Since that time, the parties have continued to focus the bulk of their efforts in
10 this matter on resolving this case by settlement.
11   3.   The parties believe that a further mediation session with another mediator is
12 necessary to resolve this matter. The parties have identified two proposed mediators who have
13 agreed to serve and will select the additional mediator within approximately one week. The
14 parties will be scheduling a further mediation to be completed by approximately August 15, 2011.
15   4.   As stated above, the parties' primary focus in this matter since the previous
16 mediation has been to negotiate a final settlement resolving the action. As such, the parties have
17 initiated discovery but have not expended the time and resources in completing all required pre-
18 trial discovery including a number of depositions; doing so would require expenditures and
19 consume resources so that settlement of this action would be less likely. The parties anticipate
20 that there is a reasonable prospect of settlement of the action following participation in the further
21 mediation session.
22   5.   In the event that the parties are not able to fully resolve this action through
23 participation in further mediation, then the parties will need additional time to complete discovery
24 and trial preparation beyond that which is allowed under the current existing schedule. Substantial
25 discovery has been served by the parties, and the parties anticipate that additional discovery
26 (including additional written discovery and multiple depositions) will be required to be completed
27 to prepare the case for trial if settlement is not reached. The current discovery cutoff is July 1,
28 2011. Without a continuance of the current case schedule, the parties will be required to devote

1  substantial time, resources, and funds to such discovery, which would be mooted by settlement,
2  rather than focus on core matters essential to the settlement process. The parties believe that a
3  reasonable continuance of the case schedule, including the discovery cutoff, will allow them to
4  focus their efforts and resources instead on settlement and will increase the prospects that this
5  case will be resolved by settlement rather than by trial or other proceedings before this Court.

6      6.     This action previously was pending before the Hon. Marilyn Hall Patel and was
7  reassigned to the calendar of the Hon. Edward M. Chen by order of June 6, 2011. This Stipulation
8  had been prepared for submission to Judge Patel but had not yet been filed as of the reassignment
9  order. The reassignment order vacated the trial date, pretrial conference, and associated deadlines
10 in this case but did not change the discovery cut off of July 1, 2011 or the deadline to hear
11 motions of August 22, 2011. The reassignment order directed that a joint case management
12 statement be submitted within 15 days, on which action may not be taken prior to the July 1
13 discovery cutoff. Because of the pendency of the discovery cutoff, the parties respectfully request
14 the Court to act on this Stipulation rather than await the joint case management statement.

15     7.     In addition, and just as this Stipulation was being prepared for filing this date, the
16 parties received notice that Charging Party Eldridge Davis had filed a motion to intervene in
17 propria persona as a party litigant and to file a proposed complaint in intervention asserting
18 additional claims. The parties have not had the opportunity to determine their positions with
19 respect to the proposed motion to intervene, which must be set and heard as a noticed motion.
20 That process cannot be completed prior to the discovery cutoff and represents an additional
21 reason for the requested continuance sought by this Stipulation.

22     8.     Accordingly, the parties request that the discovery cutoff and deadline to hear
23 motions be continued for 120 days to permit them to exhaust settlement possibilities.

24     9.     The parties have obtained one prior continuance of the case schedule. By order
25 entered on February 2, 2011, this Court previously approved a continuance of approximately 90
26 days to the currently effective case schedule.

27     10.     The parties propose that the case schedule be continued and modified as provided
28 below:

      a.    Discovery cutoff – to be continued from July 1, 2011, to **October 31, 2011; and**

      b.    Last day for dispositive motion hearing - to be continued from August 22, 2011, to **December 23, 2011.**

Dated: June 8, 2011           EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By:  /s/ *David Offen-Brown*
        DAVID OFFEN-BROWN

Attorneys for Plaintiff EEOC

Dated: June 8, 2011           BERRY & LUSSIER,
A Professional Corporation

By:  /s/ *James H. Berry, Jr.*
        JAMES H. BERRY, JR.

Attorneys for Defendant The Pepsi Bottling Group, Inc.

Case No. 09-04594 EMC    4    STIPULATION TO CONTINUE DISCOVERY CUTOFF & MOTION HEARING DEADLINE AND [PROPOSED] ORDER

**DECLARATION OF JAMES H. BERRY, JR.**

I, James H. Berry, Jr., declare as follows:

1. I am an attorney duly admitted to practice law in all courts of the State of California, and before this Court. I am a principal of Berry & Lussier, A Professional Corporation, attorneys of record for Defendant The Pepsi Bottling Group, Inc. ("PBG"), in the above-captioned action. I make this declaration in support of this Stipulation to Continue Case Schedule and Proposed Order. I have personal knowledge of the following facts and, if called as a witness, I could and would testify to them competently.

2. The parties are and have been engaged in ongoing settlement negotiations with the aim of reaching a comprehensive settlement resolving this case in its entirety.

3. This case has been unusually difficult to resolve by settlement. The parties have participated in mediation in this matter before Catherine A. Yanni, Esq. That mediation did not resolve the case. Since that time, the parties have continued to focus the bulk of their efforts in this matter on resolving this case by settlement.

4. The parties believe that a further mediation session with another mediator is necessary to resolve this matter. The parties have identified two proposed mediators who have agreed to serve and will select the additional mediator within approximately one week. The parties will be scheduling a further mediation to be completed by approximately August 15, 2011.

5. As stated above, the parties' primary focus in this matter since the previous mediation has been to negotiate a final settlement resolving the action. As such, the parties have initiated discovery but have not expended the time and resources in completing all required pre-trial discovery including a number of depositions; doing so would require expenditures and consume resources so that settlement of this action would be less likely. The parties anticipate that there is a reasonable prospect of settlement of the action following participation in the further mediation session.

6. In the event that the parties are not able to fully resolve this action through participation in further mediation, then the parties will need additional time to complete discovery and trial preparation beyond that which is allowed under the current existing schedule. Substantial

discovery has been served by the parties, and the parties anticipate that additional discovery (including additional written discovery and multiple depositions) will be required to be completed to prepare the case for trial if settlement is not reached. The current discovery cutoff is July 1, 2011. Without a continuance of the current case schedule, the parties will be required to devote substantial time, resources, and funds to such discovery, which would be mooted by settlement, rather than focus on core matters essential to the settlement process. The parties believe that a reasonable continuance of the case schedule, including the discovery cutoff, will allow them to focus their efforts and resources instead on settlement and will increase the prospects that this case will be resolved by settlement rather than by trial or other proceedings before this Court.

7.	This action previously was pending before the Hon. Marilyn Hall Patel and was reassigned to the calendar of the Hon. Edward M. Chen by order of June 6, 2011. This Stipulation had been prepared for submission to Judge Patel but had not yet been filed as of the reassignment order. The reassignment order vacated the trial date, pretrial conference, and associated deadlines in this case but did not change the discovery cut off of July 1, 2011 or the deadline to hear motions of August 22, 2011. The reassignment order directed that a joint case management statement be submitted within 15 days, on which action may not be taken prior to the July 1 discovery cutoff. Because of the pendency of the discovery cutoff, the parties respectfully request the Court to act on this Stipulation rather than await the joint case management statement.

8.	In addition, and just as this Stipulation was being prepared for filing this date, the parties received notice that Charging Party Eldridge Davis had filed a motion to intervene in propria persona as a party litigant and to file a proposed complaint in intervention asserting additional claims. The parties have not had the opportunity to determine their positions with respect to the proposed motion to intervene, which must be set and heard as a noticed motion. That process cannot be completed prior to the discovery cutoff and represents an additional reason for the requested continuance sought by this Stipulation.

9.	Accordingly, the parties request that the discovery cutoff and deadline to hear motions be continued for 120 days to permit them to exhaust settlement possibilities.

10.	The parties have obtained one prior continuance of the case schedule. By order

1  entered on February 2, 2011, this Court previously approved a continuance of approximately 90
2  days to the currently effective case schedule.
3      11.    The parties propose that the case schedule be continued and modified as provided
4  below:
5      a.  Discovery cutoff – to be continued from July 1, 2011, to **October 31, 2011;**
6      **and**
7      b.  Last day for dispositive motion hearing – to be continued from August 22,
8      2011, to **December 23, 2011.**
9
10     I declare under penalty of perjury under the laws of the United States that the foregoing is
11 true and correct and that this declaration was executed on June 8, 2011, at Los Angeles,
12 California.
13         /s/ *James H. Berry, Jr.*
14         James H. Berry, Jr.

**DECLARATION OF DAVID OFFEN-BROWN**

I, David Offen-Brown, declare as follows:

1.  I am an attorney duly admitted to practice law in all courts of the State of California, and before this Court. I am a Supervising Trial Attorney with the Equal Employment Opportunity Commission, the plaintiff in above-captioned action. I concur with and join in the attached Declaration of James H. Berry, Jr. and make this declaration in support of this Stipulation to Continue Case Schedule and Proposed Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 8, 2011, at San Francisco, California.

/s/    *David Offen-Brown*
David Offen-Brown

**ORDER**

The Court having reviewed the foregoing Stipulation, and good cause appearing therefor, IT IS ORDERED AS FOLLOWS:

1. The discovery cutoff is continued from July 1, 2011, to October 31, 2011.
2. The last day for dispositive motion hearing is continued from August 22, 2011, to December 23, 2011 @ 1:30 p.m.

DATED: 6/13/11

_____
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Edward M. Chen