WILLIAM R. TAMAYO (SB# 084965) (CA)
DAVID F. OFFEN-BROWN (SB#63321) (CA)
CINDY O'HARA (SB# 114555) (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone: (415) 625-5653
Facsimile: (415) 625-5657
Attorneys for Plaintiff EEOC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 09-04594 EMC |
|---|---|
| Plaintiff, | CONSENT DECREE |
| v. | |
| THE PEPSI BOTTLING GROUP, INC., | |
| Defendant. | |

Plaintiff Equal Employment Opportunity Commission (Commission) filed this action under Title I of the Americans with Disabilities Act of 1990 (as amended) (the ADA) and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Eldridge Davis who the Commission alleged was adversely affected by such practices. The Commission alleged that Charging Party Davis was a qualified individual with a disability who was discriminated against when his disability was not accommodated and he was discharged based on his disability. Defendant Bottling Group, LLC, f/d/b/a The Pepsi Bottling Group (named in this action as "The Pepsi Bottling Group Inc.") (PBG) denies the Commission's and Mr. Davis's allegations and claims.

As a result of comprehensive and good-faith settlement negotiations, the Commission and Defendant PBG now seek to compromise and resolve this action as to each other without further contested litigation through the instant Consent Decree. This resolution does not constitute an

admission of liability on the part of PBG, nor constitute a finding on the merits of this lawsuit or of any of the allegations stated in the Commission's Complaint. This Consent Decree represents a good faith settlement of contested and disputed claims and may not be considered an admission of any fact or matter.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term. This Consent Decree constitutes a full and final resolution of the Commission's claims against PBG in this action. This Consent Decree will become effective upon its entry by the Court.

2. This Consent Decree is final and binding upon the parties to it, their successors and assigns.

3. The Commission and PBG will each bear its own costs and attorney's fees in this action.

4. The "General Injunctive Relief" and "Special Injunctive Relief" provisions of this Consent Decree are limited to PBG's Hayward, California facility (the "Hayward Facility"). The term "PBG" as used hereafter refers to PBG at its Hayward Facility

**GENERAL INJUNCTIVE RELIEF**

5. PBG and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with it are enjoined from discriminating at the Hayward Facility based on disability as prohibited under the ADA, and from failing to provide reasonable accommodation to qualified individuals with disabilities at the Hayward Facility as required by the ADA.

6. PBG and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with it are enjoined from retaliating against any employee because he or she, in connection with this action, Mr. Davis' charge underlying this case, or the claims made by or on behalf of Mr. Davis, (i) opposed discriminatory practices made unlawful by the ADA; (ii) filed a

CONSENT DECREE                                                          2.
Case No. 09-04594 EMC

charge of discrimination or assisted or participated in the filing of a charge of discrimination; or (iii) assisted or participated in an investigation or proceeding brought under the Federal laws prohibiting discrimination or retaliation.

**SPECIAL INJUNCTIVE RELIEF**

**Non-Discrimination Policies**

7. PBG will maintain at its Hayward Facility a written Equal Employment Opportunity Policy including a statement of commitment not to discriminate against employees based on disability as prohibited under the ADA, and to provide reasonable accommodation to qualified individuals with disabilities as required by the ADA.

8. Within thirty (30) business days of any revision to the policy referenced in Paragraph 7 as related to disability discrimination or reasonable accommodation, PBG will distribute its revised policies to all Hayward employees, and will provide copies to all new Hayward employees as they enter the workforce.

**Training**

9. PBG will at its expense provide equal employment opportunity training to persons employed in its human resources department at the Hayward Facility. The training will specifically include the subjects of disability discrimination and an employer's obligation to provide reasonable accommodation to disabled workers in compliance with the ADA. The training will be for a minimum of two hours cumulatively. The training will take place within ninety (90) business days of the entry of this decree and annually thereafter while this decree is in effect and shall be provided by an individual with established experience in the area of disability discrimination and reasonable accommodation. Defendant shall provide to the EEOC thirty (30) days in advance of the training a copy of the course syllabus for the training.

**Posting**

10. PBG will post at the Hayward Facility a Notice to All Employees, attached as Exhibit 1 to this Consent Decree. The Notice shall be posted on a centrally located bulletin board accessible to all employees at the Hayward Facility until this Decree is no longer in effect.

CONSENT DECREE   3.
Case No. 09-04594 EMC

**Record Keeping and Reports**

11. Within thirty (30) business days after completing the training described in Paragraph 9, PBG will mail to counsel for the Commission a report containing the date(s) of training, the name and position of the person(s) who conducted the training, an outline of the training content, a list of all attendees, and copies of any materials distributed at the training.

**Individual Remedial Relief**

12. PBG will pay the sum of $120,000 in complete compromise and satisfaction of the Commission's claims as set forth in its Complaint. This sum will be paid by check(s) made out directly to Eldridge Davis, with a copy sent to counsel for the Commission. Said check(s) will be sent by PBG within ten (10) business days of the entry of the Consent Decree.

**DISPUTE RESOLUTION/NOTICES**

13. In the event that the Commission believes that PBG has failed to comply with any provision(s) of this Consent Decree, the Commission shall first notify PBG of the alleged non-compliance in writing and shall afford PBG thirty (30) business days to remedy the non-compliance or to satisfy the Commission that PBG has complied. PBG and the Commission shall work in good faith to attempt to resolve the issue. If notwithstanding such attempt PBG has not remedied the alleged non-compliance or satisfied the Commission that PBG has complied within the foregoing time period, then the Commission may apply to the Court for appropriate relief, which application shall be heard on normal notice required for motions.

14. When this Consent Decree requires submission by PBG of notices or materials to the Commission, they shall be mailed to: Equal Employment Opportunity Commission, 350 The Embarcadero, Suite 500, San Francisco, California 94105 Attn.: Cindy O'Hara, Esq. When this Consent Decree requires notices to be sent to PBG, such notices shall be mailed to: Berry & Lussier APC, 1901 Avenue of the Stars, Suite 1060, Los Angeles, California 90067 Attn: James H. Berry, Jr.

**EXPIRATION OF CONSENT DECREE**

15. This Consent Decree constitutes a full and final resolution of all the Commission's claims against PBG in this action.

CONSENT DECREE  4.
Case No. 09-04594 EMC

16. The Commission expressly retains the right to petition the Court, prior to the expiration of the Consent decree as set forth in Paragraph 17 below, for an extension of the Consent Decree if the Commission determines that PBG has not complied with the Consent Decree. Before filing any such Petition, the Commission shall first engage in the dispute resolution process provided for in Paragraph 13 above of this Consent Decree. If the Commission then successfully petitions the Court to extend the Consent Decree and the Court finds that PBG is in substantial violation of the Consent Decree, then the Consent Decree may be extended for a period not to exceed one year.

17. Unless it is extended by the Court pursuant to Paragraph 16 above, this Consent Decree will expire at midnight of the date two (2) years after entry of this Consent Decree by the Court. Upon expiration of the Consent Decree, it will have no further force or effect, and this action will be deemed to have been dismissed with prejudice in its entirety without further action by the parties and without further Court order.

On Behalf of Plaintiff Commission:

Dated: July __, 2011

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

_____
WILLIAM R. TAMAYO
Regional Attorney

_____
DAVID F. OFFEN-BROWN
Supervisory Trial Attorney

On Behalf of Defendant:

Dated: July __, 2011

BERRY & LUSSIER, APC

_____
JAMES H. BERRY, JR.
Attorneys for The Pepsi Bottling Group, Inc.

**ORDER**

It is so ordered.

Dated: August 1, 2011
_____
U.S. District Court Judge Edward M. Chen

IT IS SO ORDERED

CONSENT DECREE
Case No. 09-04594 EMC

5.

NOTICE TO EMPLOYEES

This notice has been posted as part of the remedy agreed between the Equal Employment Opportunity Commission and The Pepsi Bottling Group, Inc. in settlement of a complaint of employment discrimination and failure to accommodate based on disability in the case of EEOC v. The Pepsi Bottling Group, Inc., NDCA Civil Case No. 09-04594 EMC.

Federal law prohibits an employer from engaging in discrimination based on disability, and requires that employers provide reasonable accommodation to qualified individuals with disabilities, unless to do so would be an undue hardship, pursuant to the Americans With Disabilities Act of 1990.

The Pepsi Bottling Group, Inc. supports and will comply with such federal law in all respects and will refrain from taking any action against employees for exercising their rights under the law by requesting reasonable accommodation, or by filing charges with the Equal Employment Opportunity Commission and/or testifying, assisting or participating in any manner in any investigation, proceeding or hearing under the Americans with Disabilities Act of 1990.

Should you have any complaints of discrimination, failure to accommodate, or retaliation you should contact [Company employee handling such complaints] at _____.

Employees also have the right to bring complaints of discrimination or harassment to the U.S. Equal Employment Opportunity Commission, San Francisco District Office, 350 The Embarcadero, Suite 500, San Francisco, CA 94105. (415) 625-5600.

This notice shall remain prominently posted until [two years from the entry of the decree]. This Official Notice shall not be altered, defaced, covered or obstructed by any other material.

EXHIBIT 1

CONSENT DECREE 6.
Case No. 09-04594 EMC